ORDERED.

**Dated:  March 01, 2021**

_Jerry A. Funk_
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

                                          Chapter 7

DOROTHEA MIDDLEBROOK WHITTEN,      Case No.:  3:18-bk-4314-JAF

          Debtor.

_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court for a trial on the Chapter 7 Trustee's (the "Trustee") Motion for Turnover (Doc. 19) and the Trustee's Objections to Debtor's Amended Claim of Exemptions (the "Objection to Exemptions") (Doc. 25).  The issues raised by the Trustee pertain to the Debtor's non-exempt equity in her wedding ring and a vacant parcel of real property the Debtor claimed as exempt pursuant to 11 U.S.C. § 522(b)(3)(B).  After considering the arguments presented, the Court took the matter under advisement at the conclusion of the trial.  As discussed

below, the Court will grant the Trustee's Motion for Turnover as to the wedding ring but will overrule the Trustee's objection to the Debtor's claimed exemption in the real property.[1]

### Findings of Fact

On December 11, 2018, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code. The Debtor is married but filed her petition individually. On her Schedule A/B, the Debtor listed an interest in vacant real property located at 623 Daniels St. Hastings, Florida 32145 (the "Property"). The Debtor listed the current value of the Property as $6,011.00. On Debtor's Amended Schedule C, the Debtor claimed the property as exempt as tenancy by the entirety property, pursuant to 11 U.S.C. § 522(b)(3)(B) and Florida law (Doc. 21).

The Debtor and her husband have been married since 1988. They acquired the Property at the same time, through the same conveyance. No one lives on the Property; it is vacant land. The subject warranty deed reflects that the Debtor and her husband took title to the Property "with rights of survivorship" on December 1, 1997 (Debtor's Ex. 6). The deed does *not* contain the words "joint tenants" or "joint tenancy."

The Trustee objects to the Debtor's claim of exemption, pursuant to 11 U.S.C. § 522(b)(3)(B). The Trustee contends the language, "with rights of survivorship," proves Debtor and her husband hold the Property as joint tenants with right of survivorship rather than as tenants by the entirety.

---

[1] In the Debtor's post-trial brief, the Debtor concedes that the wedding ring must be turned over to the Trustee, subject to the $1,000.00 she has claimed as exempt. At the trial, the Trustee stated that he will set an auction reserve value of $1,000.00 to ensure that the Debtor receives the value of her claimed exemption in the wedding ring. As the Debtor has agreed to turn over the wedding ring to the Trustee, no further discussion is necessary, and the Court will enter a separate order granting the Trustee's Motion for Turnover.

**Conclusions of Law**

Under Florida law, "[a]lthough a tenancy by the entireties and joint tenancy with right of survivorship share all of the same characteristics of form, there are significant differences in the legal consequences between the forms of ownership when creditors of one spouse seek to garnish these assets, when one spouse declares bankruptcy, or when one spouse attempts to recover monies transferred without his or her permission." Beal Bank, SSB v. Almand & Associates, 780 So. 2d 45, 53 (Fla. 2001). "When a married couple holds property as a tenancy by the entireties, each spouse is said to hold it 'per tout,' meaning that each spouse holds the 'whole or the entirety, and not a share, moiety, or divisible part.'" Id. "Thus, property held by husband and wife as tenants by the entireties belongs to neither spouse individually, but each spouse is seized of the whole." Id. "In a joint tenancy with right of survivorship, each person has only his or her own separate share ('per my'), which share is presumed to be equal for purposes of alienation; whereas, for purposes of survivorship, each joint tenant owns the whole ('per tout'), so that upon death the remainder of the estate passes to the survivor." Id.

"Because of this distinction between each spouse owning the whole versus each owning a share, if property is held as a joint tenancy with right of survivorship, a creditor of one of the joint tenants may attach the joint tenant's portion of the property to recover that joint tenant's individual debt." Id. "However, when property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse." Id.

"Despite the fact that the [Florida Supreme] Court has recognized the tenancy by the entireties form of ownership in both real property and personal property, the [Florida Supreme]

Court has adopted different standards of proof for each." Id. at 54. "Where real property is acquired specifically in the name of a husband and wife, it is considered to be a 'rule of construction that a tenancy by the entireties is created, although fraud may be proven.'" Id. "The estate thus created is, however, essentially a joint tenancy, modified by the common-law doctrine that the husband and wife are one person." Id. (quoting First Nat. Bank of Leesburg v. Hector Supply Co., 254 So. 2d 777, 780 (Fla. 1971)). In sum, "[i]n the case of ownership of real property by husband and wife, the ownership in the name of both spouses vests title in them as tenants by the entireties." Id. "Thus, '[a] conveyance to spouses as husband and wife creates an estate by the entirety in the absence of express language showing a contrary intent.'" Id.

Here, the question is whether the language, "with rights of survivorship" in the *absence of* the words "joint tenants" or "joint tenancy" (the "Subject Language"), constitutes "express language showing a contrary intent" that would defeat Debtor's claim of exemption premised on tenancy by the entirety. The parties have not provided on-point Florida case law. However, the Court breaks this issue into two sub-questions: 1) whether the Subject Language automatically defeats a tenancy by the entirety as a matter of law; and 2) if not, whether the Subject Language constitutes evidence of "contrary intent" to defeat a tenancy by the entirety as a question of fact.

As to the first sub-question, section 689.15, Florida Statutes, provides that, except in tenancies by the entirety, a right of survivorship is only established when the subject instrument expressly provides for the right of survivorship. § 689.15, Fla. Stat. (1997). Yet, even in light of section 689.15, the Court finds it illogical to conclude the Subject Language in this case can create only a joint tenancy and never a tenancy by the entirety—where a right of survivorship is a necessary element of both tenancies. Put differently, because a right of survivorship is an element of a tenancy by the entirety, the Court cannot conclude the Subject Language would automatically

and always defeat a tenancy by the entirety, as a matter of law.  To hold otherwise could potentially invalidate numerous existing tenancies by the entirety overnight.  The result would be different if the instant deed contained the words "joint tenants" or "joint tenancy."  In the absence of those words, however, the Court sees no reason to impose a joint tenancy on Debtor and her husband as a matter of law.

The more apt framing of the issue is found in the second sub-question listed above.  In light of Beal Bank, the Subject Language may constitute evidence of "contrary intent" when supported by other corroborating evidence.  However, the Trustee presented no evidence of intent other than the Subject Language.  In light of the totality of the evidence and the absence of the words "joint tenants" or "joint tenancy" in the deed, the Court is convinced the conveyance of the Property to Debtors was intended to establish a tenancy by the entirety.  Debtor is entitled to claim the Property as exempt under § 522(b)(3)(B) and Florida law.

### Conclusion

The Court will grant the Trustee's Motion for Turnover as to the wedding ring and will overrule the Trustee's Objection to Exemptions as to the Property. The Court will enter separate orders consistent with these Findings of Fact and Conclusions of Law.

Attorney Albert H. Mickler is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.